IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNELL DUANE KEMP, | § | |
| TDCJ #1501973, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0844 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

The petitioner, Donnell Duane Kemp (TDCJ #1501973), is a state inmate incarcerated

in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively,

"TDCJ").  Kemp has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254,

seeking relief from a state court conviction.  After reviewing the pleadings and the applicable

law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth

briefly below.

---

[1]     The petition names Doug Dretke as the respondent.  Doug Dretke, who previously served as Director of the Texas Department of Criminal Justice - Correctional Institutions Division was replaced some time ago by Nathaniel Quarterman.  Because Quarterman has also retired from that official position, the Court substitutes the current director, Rick Thaler, as the proper respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## I.   **BACKGROUND**

Kemp reports that he was indicted by a local grand jury in cause number 1144601, and charged with attempted capital murder.  In that case, Kemp was accused of shooting three individuals with a firearm following an altercation in the parking lot of a local establishment. A jury in the 262nd District Court of Harris County, Texas, found Kemp guilty as charged. The same jury sentenced Kemp to serve life in prison.

On direct appeal, Kemp argued that the evidence was legally and factually insufficient to support the verdict.  Kemp complained further that his trial attorney was ineffective for failing to: (1) file a motion to quash the indictment; (2) move for an instructed verdict; (3) allowing the admission of evidence of a prior conviction; (4) failing to object to the form of the state's cross-examination of a reputation witness.  An intermediate court of appeals rejected Kemp's arguments and affirmed the conviction.  *See Kemp v. State*, No. 14-08-00780-CR, 2009 WL 4405793 (Tex. App. — Houston [14th Dist.] Dec. 3, 2009).  The Texas Court of Criminal Appeals dismissed his petition for discretionary review as untimely filed. *See Kemp v. State*, PD-1828-09 (June 9, 2010).

In a petition filed on March 7, 2011, Kemp now seeks a writ of habeas corpus to challenge his state court conviction under 28 U.S.C. § 2254.  Kemp contends that he is entitled to relief because his trial attorney (Craig Washington) was constitutionally deficient. In particular, Kemp argues that Washington: (1) failed to challenge juror number 9 for cause or to use a "preemptory [*sic*] strike" against her; (2) "opened the door" to prior felony convictions; (3) "knowingly offered perjured testimony" from a defense witness; (4) failed

to interview or call "numerous alibi witnesses"; and (5) failed to investigate and object to juror misconduct during the punishment phase of the trial. Kemp includes several affidavits in support of his allegations of ineffectiveness.

It is evident from the pleadings that the Texas Court of Criminal Appeals has not yet addressed the claims or the affidavits that Kemp now attempts to raise on federal habeas review.  Because the state's highest court of criminal jurisdiction has not yet adjudicated the merits of his claims, the pending federal petition must be dismissed at this time for reasons explained briefly below.

## II.   EXHAUSTION OF REMEDIES

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C.

3

§ 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

As noted above, Kemp's petition for discretionary review was dismissed by the Texas Court of Criminal Appeals and not adjudicated on the merits.  *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (explaining that "a 'denial' signifies that [the court] addressed and rejected the merits of a particular claim while a 'dismissal' means that [the

4

court] declined to consider the claim for reasons unrelated to the claim's merits"). Moreover, Kemp does not allege or show that he has filed a state habeas corpus petition under Article 11.07 of the Texas Code of Criminal Procedure.[2] It follows that Kemp has not exhausted all available state remedies with respect to his claims. Comity requires this Court to defer consideration of Kemp's claims until the Texas Court of Criminal Appeals has reviewed the merits. *See, e.g., Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)). Accordingly, the pending federal habeas petition must be dismissed as premature.

## III.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

---

[2]     Court records confirm that Kemp has not yet attempted state habeas review. *See* Harris County District Clerk's Office, Records and Documents, www.hcdistrictclerk.com (last visited March 11, 2011); *see also* Texas Court of Criminal Appeals, Case Search, www.cca.courts.state.tx.us (last visited March 11, 2011).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1.     The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.     A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on <u>March 14</u>, 2011.

Nancy F. Atlas
United States District Judge